UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVE ALLAN CHERRY,<br><br>        Plaintiff,<br><br>v.<br><br>RONA SIEGERT, J. DOLAN, and JANE and JOHN DOES 1-10,<br><br>        Defendants. | Case No. 1:19-cv-00223-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Steve Allan Cherry's Complaint as a result of his status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether any claims should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**1.      Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or a government officer or employee, to determine whether summary dismissal is appropriate. Complaints or claims subject to dismissal include those that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.  **Factual Allegations**

Plaintiff is a convicted felon in the custody of the Idaho Department of Correction ("IDOC") who was incarcerated in a Texas overflow facility when he filed his Complaint. His allegations arise from his prior incarceration in an Idaho facility. After he filed his Complaint, the IDOC transferred him back to Idaho.

On November 11, 2018, Plaintiff discovered a golf-ball size lump in his neck. On November 16, 2018, Dr. Musquiz examined Plaintiff and immediately ordered an ultrasound. Dr. Musquiz said Plaintiff needed to see medical specialists for an MRI, biopsy, and surgery to remove the tumor. In the midst of the discovery and diagnosis of

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

his neck tumor, Plaintiff was transferred to Texas. Defendants IDOC Health Services Contract Monitor J. Dolan and IDOC Director of Health Services Rona Siegert failed to approve the ultrasound testing in a timely manner, either before he left or after he arrived in Texas. Months later, Siegert finally approved the ultrasound, and Plaintiff had the test on January 11, 2019.

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs by failing to provide him with a timely ultrasound and failing to approve additional testing and surgery. He further alleges that Siegert failed to properly train and/or supervise Dolan to monitor his needs. Plaintiff was transported back to Idaho for treatment on August 21, 2019, and he remains confined at the Idaho State Correctional Institution.

## 4. Standard of Law for Section 1983 Claims

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials and prison medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045. However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205-09. A plaintiff may also seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ*., 166 F.3d 1032, 1036 (9th Cir. 1999).

A claim that a supervisor or training official failed to adequately train his or her subordinates ordinarily requires that, "in light of the duties assigned to specific officers or

employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011). Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

### 5. Standard of Law for Eighth Amendment Claims

The Eighth Amendment protects a prisoner's right to adequate medical care. Prison officials and prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted). However, medical malpractice or negligence will not support a cause of action under the Eighth Amendment, *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam), and a delay in medical treatment does not violate the Eighth Amendment unless that delay causes further harm, *McGuckin*, 974 F.2d at 1060.

### 6. Discussion of Medical Claims

Plaintiff has alleged that he had a serious medical need for further testing and surgery for the large tumor, that his need was not promptly addressed by prison medical personnel, and that his condition has not been adequately treated and monitored. He describes how difficult his life was with "a tumor [of] the size and its location in Plaintiff's neck pressing against nerves and tendons," causing "suffering from continuous side effects and pain [from] massive headaches causing nausea and vomiting, muscle spasms and numbness to his neck, left shoulder, and left arm." (Dkt. 3, p. 10.)

Plaintiff has alleged that Defendants were nurses with medical training whose duty it was to approve and schedule tests and surgery for his serious medical needs, but that they proved to be the administrative "bottleneck" causing unreasonable delay in his treatment. The Court has considered that Plaintiff's additional allegations of inadequate training and supervision are sparse, but that he does not have access to such information before he engages in discovery. The Court will liberally construe the Complaint to find that Plaintiff has stated adequate allegations to proceed against Defendants Dolan and Siegert.

7.  **Standard of Law governing First Amendment Claim**

Under the First Amendment, prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id*. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

To state an access to courts claim when a prisoner claims that he suffered the loss of a suit that cannot now be brought, a prisoner must allege facts supporting three elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint, including the level of detail necessary "as if it were being independently pursued"; (3) specific allegations showing that remedy sought in the access to courts claim is not otherwise available in a suit that could be brought. *Id*. at 415-17.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

8. **Discussion of First Amendment Claims**

Plaintiff alleges that, by ignoring his medical needs and leaving him in a painful, bedridden state, Defendants impeded his ability to access the state courts in the midst of his efforts to actively litigate a case challenging his criminal conviction. Plaintiff had to request six extensions of time for his filings in the state court.

Plaintiff has not stated a colorable access to courts claim. There is no detail explaining the loss of viable claim. Even though his case was delayed, he has not alleged that it was harmed by the delay. The state court has allowed him extensions of time when he has sought them. Because his allegations do not amount to a First Amendment claim, this cause of action will be dismissed.

## CONCLUSION

Plaintiff may proceed on his Eighth Amendment medical claims and any corresponding state law claims to the extent that he has brought them in a proper procedural posture. His First Amendment access to courts claim will be dismissed. If he finds that he has suffered an actual injury by not being able to access the courts, he may file a separate lawsuit.

This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

# ORDER

**IT IS ORDERED:**

1. Plaintiff may proceed to the next stage of litigation on his Eighth Amendment and related state law medical negligence or malpractice claims against Defendants J. Dolan and Rona Siegert.

2. The First Amendment claims against Defendants are DISMISSED.

3. Defendants J. Dolan and Rona Siegert will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

    **Mark Kubinski**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

4. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for

the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

5. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

6. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

7. Dispositive motions must be filed no later than 300 days after entry of this Order.

8. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

9. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

11. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

12. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: October 8, 2019

B. Lynn Winmill
U.S. District Court Judge